## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PAUL M. MEYN, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 16-2492-CM** |
| ) | |
| **CITYWIDE MORTGAGE ASSOCIATES,** ) | |
| **INC., RUSSELL ELLISON/ACE** ) | |
| **APPRAISALS, INC., AND QUICKEN** ) | |
| **LOANS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Plaintiff Paul Meyn, Jr. originally filed this action in the District Court of Miami County, Kansas claiming breach of contract and breach of fiduciary duty; fraud in the inducement; violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729; and conspiracy to defraud the United States, 18 U.S.C. § 371. After plaintiff filed suit, defendant Quicken Loans, Inc. ("Quicken") removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446. This matter is before the court on defendant Quicken's motion to dismiss. (Doc. 5.) Defendant Quicken argues that plaintiff's claims alleged in Counts II and III of the petition should be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). For the reasons set forth below, the court grants defendant's motion as to Count III.

### I.   Factual Background

In September 2007, plaintiff purchased a residence located in Louisburg, Miami County, Kansas. Defendant Citywide Mortgage Associates, Inc. requested and paid for an appraisal. Defendant Russell Ellison of Ace Appraisals, Inc. completed the appraisal and indicated that the living area was 1,044 square feet with a total value of $110,000. At the time of defendant Ellison's appraisal,

the Miami County records showed that the residence had a living area of 776 square feet and a market value of $82,403.

In December 2013, defendant Quicken offered to refinance plaintiff's residence and place it in a Veteran's Administration ("VA") loan to save on mortgage insurance. Defendant Quicken requested and paid for an appraisal that showed the residence with a living area of 761 square feet and valued at $55,000. After the appraisal, defendant Quicken told plaintiff that the refinance process was stopped because his residence could not support the refinance amount.

## II.   Legal Standards

To the extent this court has subject matter jurisdiction, the court must determine whether plaintiff's action is subject to dismissal because it fails to state a claim upon which relief could be granted. The court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.   Analysis

Defendant Quicken argues that plaintiff's claim in Count III alleging a violation of the FCA should be dismissed because plaintiff failed to comply with the FCA's procedural requirements. Specifically, plaintiff failed to file his case under seal in the name of the government.

### a.   FCA's procedural requirements

The FCA imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)–(2). The FCA authorizes private persons to bring civil actions for violations of section 3729 in the government's name, and entitles those persons to a portion of the amount recovered thereby. 31

U.S.C. § 3730.  The procedural requirements for filing a qui tam claim under the FCA are found in section (b) and require that the action be brought in the name of the government, filed in camera, remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.  31 U.S.C. § 3730(b)(1)–(4).  The government may elect to intervene and proceed with the action or notify the court that it declines to take over the action.  *Id.*  If the government declines, the person bringing the action may proceed.  *Id.*

Plaintiff failed to comply with the filing requirements under 31 U.S.C. § 3730(b)(2).  "In general, a party pursuing a statutory remedy must comply with all the procedures the statute mandates."  *Erickson ex rel. U.S. v. Am. Inst. of Biological Scis.*, 716 F. Supp. 908, 911 (E.D. Va. 1989) (citing *U.S. ex rel. Tex. Portland Cement Co. v. McCord*, 233 U.S. 157, 162 (1913)).  The court in *Erickson* also dismissed the plaintiff's complaint for failing to file under seal because sound policy also supported dismissal.  716 F. Supp. at 911–12.

The United States Supreme Court recently held that dismissal of a qui tam action was not mandatory for a violation of the FCA's sealing requirements.  *State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, No. 15-513, --- S.Ct. ----, 2016 WL 7078622, at *6 (Dec. 6, 2016).  The Supreme Court recognized that district courts have discretion to determine whether dismissal is appropriate and noted that the factors articulated in *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245–247 (9th Cir. 1995) appeared to be appropriate.  *Id.* at *8.

The Tenth Circuit has offered limited guidance concerning the proper course of action when a plaintiff files a claim under the FCA, yet fails to comply with the procedural requirements under 31 U.S.C. § 3730(b)(2).  However, other circuits have addressed this issue and vary in their decisions. *See, e.g.*, *Smith v. Clark/Smoot/Russell*, 796 F.3d 424, 430 (4th Cir. 2015) (holding that a violation that results in an incurable and egregious frustration of the "statutory objectives underlying the filing and

service requirements," merits dismissal with prejudice under the FCA); *Lujan*, 67 F.3d at 245–247 (creating a 'no harm, no foul' balancing test for determining whether seal violation warrants dismissal); *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998 (2d Cir. 1995) (adopting a test that analyzes whether seal violations "incurably frustrated" the provision's statutory purpose).

District courts generally agree that when a plaintiff fails to comply with the procedural requirements of the FCA, the congressional goals designed in part to prevent wrongdoers from being tipped off that they were under investigation are frustrated.  *See, e.g.*, *Daggett v. Neufelder*, No. 11-C-0100, 2011 WL 334531, at *1 (E.D. Wis. Feb. 1, 2011) (stating that plaintiff frustrated the congressional goals of the FCA provisions when he failed file his qui tam action under seal); *U.S. ex rel. Le Blanc v. ITT Indus., Inc.*, 492 F. Supp. 2d 303, 308 (S.D.N.Y. 2007) (holding that "even though there is no indication here that Le Blanc acted in bad faith in failing to have the complaint filed under seal, the complaint must be dismissed with prejudice because relator's failure to comply with the statutory requirements of the False Claims Act frustrated the statutory purpose behind the in camera filing"); *Erickson*, 716 F. Supp. at 911 ("Erickson's failure to comply with the procedural requirements added by Congress in 1986 warrants dismissal of this action.").

Here, plaintiff has not filed his complaint under seal and the government has not been afforded an opportunity to review his allegations.  While plaintiff's failure to comply with the requirements of § 3730(b)(2) is not jurisdictional or subject to an automatic dismissal, plaintiff made no attempt to comply with the procedural requirements at all.  *Compare Rigsby*, 2016 WL 7078622 at *4 (Dec. 6, 2016) (respondents initially filed their qui tam complaint under seal).  This case is more in line with opinions from other districts where the private plaintiff made no attempt to file the complaint under seal and afford the government an opportunity to review his allegations.  The purpose behind the FCA is not being furthered in this instance and the court finds that dismissal is appropriate.

###### b. Failure to state a claim under FCA

Even if plaintiff had complied with the procedural requirements under § 3730(b)(2), dismissal would still be proper as plaintiff has failed to state a claim for relief under the FCA.  Plaintiff does not claim that defendant Quicken actually submitted the appraisal or application to the VA for securing a loan on plaintiff's residence.  Plaintiff also does not claim that defendant Quicken received payment from the government in any way.

"The FCA 'covers all fraudulent attempts to cause the government to pay out sums of money.'" *U.S. ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211, 1217 (10th Cir. 2008).  To succeed on his qui tam claim, plaintiff must prove that defendant "knowingly" presented a false claim to the government for payment or approval, 31 U.S.C. § 3729(a)(1), or that defendant "knowingly" utilized the false statement to get the government to pay a false claim, *id.* § 3729(a)(2).  *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 945 (10th Cir. 2008).  The three elements of FCA liability are: "(1) defendant submitted a claim to the government; (2) which was false; and (3) which the defendant knew was false."  *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 57 (D. D.C. 2007).

After defendant Quicken reviewed the 2013 appraisal, it advised plaintiff that the refinance process was stopped because plaintiff's residence was valued at only $55,000 and could not support the refinance amount.  Plaintiff's allegations indicate that defendant Quicken ceased the refinancing process once it learned that the plaintiff's residence was valued less than what it was previously refinanced for.  Plaintiff does not allege that defendant Quicken submitted any claim to or secured payment from the government in this process and has failed to state a claim establishing liability under the FCA against defendant Quicken.

### c. Conspiracy claim

Plaintiff also claims that defendant Quicken conspired to defraud the government in violation of 18 U.S.C. § 371.  However, 18 U.S.C. § 371 is a criminal statute, does not create a private right of action, and is not enforceable through a civil action.  *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Creamer v. Ellis Cty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 1870872, at *6 (D. Kan. June 29, 2009).  Plaintiff's conspiracy claim alleged against defendant Quicken is dismissed.

### d. Supplemental state claims

Defendant Quicken removed plaintiff's case to federal court based on a federal question under 28 U.S.C. §§ 1331, 1441(a).  (Doc. 1, at 1.)  Count III of plaintiff's petition arises under the FCA and defendant argues that the court has supplemental jurisdiction over the rest of plaintiff's claims under 28 U.S.C. § 1367.

The court has determined that plaintiff fails to state a claim under the FCA, which is the federal question establishing subject matter jurisdiction and basis for removal.  Plaintiff's other two claims are state claims.  (Doc. 1-1, at 4.)  The court declines to exercise supplemental jurisdiction over plaintiff's remaining claims and the matter is remanded back to state court.  28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED** that Defendant Quicken's Motion to Dismiss Pursuant to Rules 9(b) and 12(b)(6) (Doc. 5) is granted in part.  Plaintiff fails to state claim under the FCA in Count III and this count is dismissed.

**IT IS FURTHER ORDERED** that the court declines to exercise supplemental jurisdiction over Counts I and II.  Those claims are remanded to the District Court of Miami County, Kansas.

The case is closed.

Dated this 19th day of December, 2016, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**