IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAULW. MEYN, JR.,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )  Case No. 16-2492-CM<br>CITYWIDE MORTGAGE ASSOCIATES, )<br>INC., RUSSELL ELLISON/ACE  )<br>APPRAISALS, INC., AND QUICKEN  )<br>LOANS, INC.,  )<br>  )<br>  Defendants.  )<br>  ) | |

## MEMORANDUM AND ORDER

Plaintiff Paul Meyn, Jr. originally filed this action in the District Court of Miami County, Kansas claiming breach of contract and breach of fiduciary duty; fraud in the inducement; violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729; and conspiracy to defraud the United States, 18 U.S.C. § 371.  After plaintiff filed suit, defendant Quicken Loans, Inc. ("Quicken") removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446.  Defendant Quicken moved to dismiss Counts II and III, and the court granted defendant Quicken's motion with respect to Count III and remanded the case to state court.  Plaintiff filed a Motion for Reconsideration Pursuant to FRCP 59(e) and FRCP 60 (Doc. 20), asking the court to reconsider its dismissal of Count III.  For the following reasons, the court denies plaintiff's motion.

Motions for reconsideration "filed within [twenty-eight days] of the district court's entry of judgment . . . [are] treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)." *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995) (applying an earlier version of Rule 59(e), when the deadline was ten days instead of twenty-eight). Motions

filed outside Rule 59(e)'s twenty-eight-day time period are examined under Rule 60(b). *Id*. Plaintiff filed his motion within twenty-eight days, so the court considers plaintiff's motion under Rule 59(e).

The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Plaintiff has not met this standard. He has offered no change in law, new evidence, or suggestion of clear error/manifest injustice. And a Rule 59(e) motion is not the appropriate place to make a new argument. *Grynberg v. Total S.A.*, 538 F.3d 1336, 1354 (10th Cir. 2008) (citation omitted). Plaintiff simply states that (1) the government was notified of the filing of the complaint but didn't respond; and (2) plaintiff stated a claim under the FCA. Neither of these arguments justify reconsideration. The court rested its decision that plaintiff failed to comply with FCA procedural requirements on grounds other than plaintiff's notification of the action to the government. And plaintiff fails to offer any valid reason why the court should reconsider its decision that he failed to state a claim under the FCA. There is no basis under which plaintiff is entitled to relief.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration Pursuant to FRCP 59(e) and FRCP 60 (Doc. 20) is denied.

Dated this 27th day of February, 2017, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**